■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. RICHARD ARICE HARVELL and LAWRENCE GREY ALLGOOD, Appellants.— Appeal from an order denying motion for a writ of error *coram nobis* following a hearing. The matter was previously before this court (5 A D 2d 720) following an appeal from a denial of a writ of error *coram nobis* without a hearing. At that time this court reversed and remanded for a hearing " at which full exploration may be made of the extent to which the search carried on pursuant to the County Judge's order had any impact upon the finding of the indictment or the course of the trial ". The record of the original trial reveals that the method and manner used to take the defendants to the scene of where the gun used in the commission of the crime was thrown away was fully disclosed and developed by the attorneys for the defendants. If an appeal had been taken from the original convictions, the matter now sought to be reviewed by *coram nobis* could have been fully explored. The fact that no appeal was taken by the astute counsel representing the defendants leads to the impression that they were satisfied with the verdict of the jury that recommended life imprisonment rather than the death penalty. Where, as here, the alleged errors are evident on the face of the record, a writ of error *coram nobis* is not, ordinarily, available for determining the merits of such alleged errors. In *People* v. *Shapiro* (3 N Y 2d 203, 206) where it is alleged there was a violation of constitutional rights of the defendant by violation of section 427 of the Code of Criminal Procedure, the court said: " Such a procedural error may not now be asserted as the basis for *coram nobis*. The writ of error *coram nobis* may not be used as a vehicle for an additional appeal or a belated motion for a new trial which, although available to the defendant after verdict * * * was not made ". However, inasmuch as we sent the case back for a hearing, we must comment on the record now before us. The defendants on this appeal concede that the record does not disclose that the search for the weapon had any impact upon the finding of the indictment. It affirmatively appears from the record that the gun produced at the trial was not before the Grand Jury nor was any testimony adduced with reference to the order of the County Court which directed the taking of the defendants to the scene. It is not unusual in criminal proceedings to take a suspect to the scene of the crime for its re-enactment. What is unusual in the present case is the manner in which it was accomplished. The record leaves the impression that the Sheriff was reluctant to have the defendants taken from the county jail without some form of order. The District Attorney accordingly and on the basis of his affidavit obtained an order to show cause returnable immediately before the County Judge directing the defendants to show cause why an order should not be made directing the Sheriff of the county to transport them to the vicinity where they stated the weapon was disposed of and to help locate the weapon or parts thereof. It further appears that in conformity with the order, the defendants were brought before the County Judge who

advised them of their right to counsel and further that they did not have to go to the scene of the crime or aid the police in their search for the weapon. There was no claim of threat, duress or coercion. The defendant Harvell, who testified at the trial, raised no question as to his willingness to go voluntarily to the scene. They had in their confessions — made several days previous — identified the spot where the parts were thrown as a "wooded area not too far from the car". The search for the gun had consumed several days in the general locale described in the confessions. It was thereafter found — but not when the defendants were present — and was marked in evidence at the trial but never offered or received in evidence. The proceedings brought by the District Attorney before the County Court alluded to above were disclosed and developed at the trial by counsel for the defendants. There was no claim of testimonial compulsion. (*People* v. *Di Biasi,* 7 N Y 2d 544, 550.) We are in agreement with a remark by one of defendants' counsel that he had never heard of a proceeding such as instituted herein but we are of the further impression that assuming, but not conceding, that *coram nobis* might be the proper remedy, the unusual proceedings did not prejudice the rights of the defendants so as to entitle them to a new trial. The record is replete with testimony of the guilt of the defendants and leaves little, if any, room for doubt. That these defendants escaped the death penalty, considering the merciless and brutal crime, is significant and dispels any doubts of possible prejudice on the part of the jury. Many witnesses testified to the confession of each defendant and to a supplemental one by Harvell taken several weeks following his original statement. What they related in these various statements was in many respects substantiated by the police investigation. One event particularly is worth comment. The defendant Harvell in his statement related the placing of the money received by him — taken from the decedent — in a tube of shaving cream which the police recovered from the location described by defendant, which he identified, and which tube upon inspection disclosed the amount of money mentioned by the defendant. The defendant Allgood's share of the loot was partly recovered. Likewise the clothing worn by the defendants with unmistakable markings thereon, identifiable with the commission of the crime, was found and produced at the trial. The summation of all of this corroborating evidence adduced at the trial impels us to conclude that if there was a violation of the rights of the defendants, it did them no substantial harm nor did it prejudice their rights so that they should now be entitled to a new trial. Mr. R. Waldron Herzberg, assigned by this court as counsel in behalf of the appellants, has given fully of his time and talents when appearing at the hearings at Special Term of this court and thereafter in the preparation of the record and brief and the oral presentation in this court. He has truly represented the finest traditions of the Bar in all of these proceedings and to him we express our deep appreciation. Order appealed from unanimously affirmed.